Territorial Law Library

FILED
SUPERIOR COURT
OF GUAM

202 NOV 22 PM 2: 52

CLERK OF COURT

BY _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | CASE NO. CF0352-09 |
| v. | **DECISION AND ORDER ON MOTION FOR EXPUNGEMENT** |
| MISAEN MIZAWA and WILLIAM CALHOUN, | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on September 11, 2013 on Defendant William Calhoun's Motion for Expungement. Assistant Attorney General James Collins represented the People of Guam. Defendant William Calhoun was represented by Attorney F. Randall Cunliffe. Having considered the arguments and the applicable law, this Court now issues its Decision and Order.

## FACTUAL BACKGROUND

On July 17, 2009, an Indictment was filed in this matter. The indictment charged Defendant Calhoun and Co-Defendant Misaen Mizawa with multiple charges resulting from a vehicular collision which resulted in the death of one person. On November 4, 2009, this Court signed a Motion and Order to Dismiss presented by the People which dismissed the charges against Defendant Calhoun without prejudice. As stated in the Motion, the People intended to file a misdemeanor case against him. (See November 4, 2009 Motion to Dismiss). A similar motion would eventually be made as to Defendant Mizawa.

By the time the Order was signed, the People had already initiated the misdemeanor case against Calhoun. On October 28, 2009, the People filed a

Complaint in CM1028-09, charging Defendant Calhoun with Driving While Under the Influence of Alcohol, Driving While Under the Influence of Alcohol (B.A.C.), and Public Drunkenness. These were the same allegations made against him in the indictment. On February 9, 2010, a plea agreement was filed wherein Defendant Calhoun plead Guilty to Reckless Driving, as a lesser-related offense to Driving Under the Influence of Alcohol.

On March 18, 2013, Calhoun moved to expunge the record of this matter pursuant to 8 G.C.A. §§ 11.10 and 11.11. On April 25, 2013, the People filed their Opposition to the Motion to Expunge arguing expungement is not proper under the circumstances found here. Calhoun filed a response on April 29, 2013, arguing that a review of the records shows that there are two offenses charged in two separate cases when there was only one offense. For the reasons set forth below, the Court shall grant Defendant Calhoun's motion.

## DISCUSSION

Expungement is provided for in Guam law as follows:

> The official records of the court, the Attorney General, and the police reports in connection therewith dealing with a violation or attempted violation by an adult of territorial law or a regulation having the force and effect of law *shall* be expunged when the subject of the report is acquitted of the offense charged, **when the prosecuting attorney decides *not* to prosecute the offense**, when the time for commencing the criminal action as prescribed by Chapter 10 of this Title has passed, or on approval of the Pardon Review Board when a pardon is granted pursuant to §1422 of the Organic Act of Guam, *except* for the pardon of a felony offense involving violence. Expungement *shall not* occur for an offense which requires a person to register as a sex offender, as defined in § 89.03 of Title 9, Guam Code Annotated, until the defender's name is removed from the registry.

8 G.C.A. 11.10(a) (emphasis added). Here, the People opted not to prosecute under the original charges brought in this matter, but rather to offer a plea agreement in CM1028-09. Although the charges in this matter were dismissed without prejudice, the People may no longer bring them again without a double jeopardy violation as Calhoun already accepted a plea agreement in that case for the very conduct charged here. Moreover, the expungement of this record does nothing to the record

of CM1028-09 as, contrary to what may be found in the People's Opposition to the Motion, Defendant does not seek to expunge that record. In the view of this Court, the People have decided not to prosecute the offense charged here and expungement is proper under the circumstances.

## CONCLUSION

For the reasons set forth above, Defendant William Calhoun's Motion for Expungement is hereby **GRANTED**. The Defendant shall prepare a judgment, approved as to form by the Attorney General's Office, consistent with this decision.

It is **SO ORDERED** this 29th day of November, 2013.

Original Signed By:
Hon. Alberto C. Lamorena III

_____

HONORABLE ALBERTO C. LAMORENA, III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

NOV 2 9 2013

Esther L. S. Pinaula
Deputy Clerk, Superior Court of Guam

-3-